ISAAC T. WISE, Respondent, v. DAVID P. HULL, GARNISHEE OF WOLFF, Appellant.

*Practice.*—The defence that the assets of a judgment debtor have been transferred by his conviction for crime, and being sentenced to the penitentiary, if a defence at all, cannot be brought forward by a motion to dismiss ; it should be presented by plea.

*Garnishment, return.*—The return day of a garnishment on execution from a justice of the peace, is the next law day of the justice, and not the return day of the execution. (R. C. 1855, p. 965, § 11.)

*Appeal from St. Louis Law Commissioner's Court.*

*Decker & Voorhis,* for appellant.

I. The civil rights of a person sentenced to the penitentiary for a term less than life, are suspended by virtue of such sentence. He is *civiliter mortuus* during such time. (1 R. C. 1855, p. 642, § 22.)

Among the civil rights of a person is the right to sue and be sued. (1 Wend., Blk. C., 141 ; Constitution, art. 13, § 7.)

The effect of such suspension is to place his person under the protection of the law, and his property in the custody of trustees. (R. C. 1855, p. 642, § 23 ; R. C. 1855, p. 1212, § 2.)

That he was then under sentence would have been a sufficient defence to Wolff had he plead to the original suit ; or

would be good ground for enjoining the collection of the debt were an attempt made to enforce it.

Of any such defence, the garnishee can avail himself. (Reagan v. Pacific Railroad, 21 Mo. 30.)

II. Sunday is a "*dies non*" in judicial proceedings. (R. C. 1855, p. 542, § 64, and p. 1586, § 3.)

Appellant being summoned to appear and answer on that day, was not bound to appear on any other, unless again summoned. This was not done.

*Wise*, for respondent.

I. There is nothing in the record by which the time of service in the original suit against Wolff can be ascertained.

II. If Wolff had any defence by reason of a disability, it belonged to the original suit, and cannot be set up by a garnishee. He cannot inquire into the merits of the original suit, or in any way interfere between the parties.

A judgment cannot be collaterally impeached—3 Dev. R. 242—and is conclusive upon all matters of defence. (Crawford v. Simonton, 7 Port. 110.) Nor can such judgment be impeached in a collateral proceeding tending to show want of jurisdiction by reason of disability of parties, such as infancy. (Boston v. Gates, 4 Dana, 429; State v. Connolly, 6 Ired. 243; Hale v. Heffy, 6 Humph. 444; Smith v. Keene, 26 Maine, 411; Cochran v. Loring, 17 Ohio, 409.)

III. A garnishee cannot inquire into errors between the original parties, nor object, unless the judgment is void on its face. (Pierce v. Carrollton, 12 Ill. 359; Whitehead v. Hearne, 4 Sm. & M. 704; Motley v. Gallaway, 12 Sm. & M. 477; Perpetual Ins. Co. v. Cohen, 9 Mo. 416.)

IV. That the execution was returnable on Sunday was an objection which the garnishee could not raise by motion to dismiss.

DRYDEN, Judge, delivered the opinion of the court.

On the 2d of August, 1856, the plaintiff, Wise, recovered a judgment against one Marcus A. Wolff, before a justice of

the peace, in St. Louis township, in St. Louis county, for ninety dollars for his debt, and for one dollar and twenty-five cents costs. On the 20th of October, 1858, the justice issued an execution on the judgment to the constable of the township, returnable within sixty days from date, on which the constable summoned Hull, as garnishee of Wolff, and made the following return of the execution, viz:

"I could not find any goods or chattels of the defendant whereon to levy and make this debt and costs, or any part thereof, in St. Louis township; but did, by order of plaintiff, garnishee David P. Hull to appear before the within named justice and answer such interrogatories as the justice may propound touching his indebtedness to the within defendant.

"GEO. W. MANNING, Constable,

"By C. W. KENWORTHY, Deputy.

"December 18, 1858."

Hull failing to appear before the justice, judgment by default was rendered against him, which he moved to set aside, and the motion being refused, he appealed to the Law Commissioner's Court. On the case coming into the latter court, Hull filed a motion to dismiss, in these words:

"And at this day comes the said garnishee and moves the court to dismiss said garnishment, for the following reasons, to-wit:

"1. Because the defendant, in the original suit, was at the time of the service upon him a convict and under sentence of imprisonment to the penitentiary, whereby all his civil rights were suspended.

"2. Because the garnishment was made returnable to a ' *dies non*,' to-wit, Sunday."

In support of this motion, Hull read the affidavit of a Mr. Decker, who testified substantially that he had examined the records of the United States Circuit Court for the district of Missouri, in which he found that Marcus A. Wolff was there convicted, on or about the 3d of June, 1856, on several indictments of the crime of forgery, and sentenced to imprisonment in the penitentiary for five years. Also, that he had

examined the docket of the justice in the original case, (Wise v. Wolff,) and found that the summons was served on Wolff on the 18th day of July, 1856. Hull also, in further support of the motion, read the transcript and papers filed by the justice in this case. The Law Commissioner overruled the motion to dismiss and the defendant saved his exception; and the garnishee failing further to appear or answer, judgment by default was rendered against him. Three days afterwards he appeared and moved the court "for a review and rehearing of the cause, and for a new trial, for the reasons—

"1. The Court erred in refusing to dismiss said cause.

"2. The court erred in entertaining jurisdiction of said cause."

And this motion being likewise overruled, the defendant appealed to this court.

The last motion raises no point not made in the motion to dismiss, so that if the latter was properly overruled, the judgment must be affirmed, otherwise it must be reversed.

I. Without expressing any opinion upon the question raised by the first ground for dismissal, or upon the question of the sufficiency of the proof offered in support of it, it is enough that the objection could not be reached by motion. The objection assumes that by the civil death of the original debtor, whose credits are attached in the hands of the garnishee, his rights of property have, by operation of law, been divested and transferred to another; or, at least for the time, have become suspended. If the assumption is tenable, then it is such matter as constitutes a ground of defence to the merits or in abatement of the action, and should be presented by plea or answer, and not by motion to be summarily tried by the court without jury.

II. The second ground of the motion to dismiss is that the return day of the garnishment was Sunday. The objection is not sustained by the return of the constable. The return on the writ is materially defective, not in showing that the garnishee was required to appear on Sunday, but in failing

to show when he was to appear. The return day of a garnishment on execution is the next law day of the justice, (R. C. 1855, p. 965, § 11,) and not the return day of the execution as the defendant seems to suppose.

The objection should have been to the return, in the form of a motion to quash, which would have given the officer an opportunity to amend, and not a motion to dismiss. There was, therefore, no error in overruling the motion.

The judgment of the Law Commissioner's Court will be affirmed, with ten per cent. damages; the other judges concurring.